IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JANE DOE (A.D.),**

    **Plaintiff,**

  vs.

**RED ROOF FRANCHISING, LLC.,** *et al.*,

    **Defendants.**

Case No. 2:25-cv-0090

Judge Algenon L. Marbley

Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Response to Show Cause Order. (ECF No. 25.) Plaintiff requests that the Court grant her an extension of time to effectuate service on Defendant Prestige Hospitality, LLC ("Prestige"). For the following reasons, Plaintiff's request is **GRANTED**.

### I.    BACKGROUND

On February 3, 2025, Plaintiff filed her Complaint against Defendants Red Roof Franchising, LLC, Red Roof Inns, Inc., and Prestige, alleging that Defendants violated the Trafficking Victim Protection Reauthorization Act, 18 U.S.C. § 1595. (ECF No. 1.) On February 6, 2025, the Clerk issued summons to Defendant Prestige. (ECF No. 5.) On March 28, 2025, the Clerk filed an acknowledgment of service on Defendant Prestige and noted that Plaintiff did not effectuate service pursuant to Local Rule 4.2. (ECF No. 17.) On May 9, 2025, the Court issued a Show Cause Order regarding Plaintiff's failure to effectuate service on

Defendant Prestige. (ECF No. 24.) On May 13, 2025, Plaintiff filed her response to the Court's Show Cause Order. (ECF No. 25.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 4(m) governs the time limit for service.

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Rule 4(m) does not define "good cause," but the Sixth Circuit "has repeatedly recognized that extraordinary circumstances may warrant a finding of 'good cause' such that untimely service may be excused." *Almo Process Tech., Inc. v. Domino Land Servs., LLC*, No. 1:16-CV-00446, 2017 WL 2313478, at *2 (S.D. Ohio May 26, 2017) (citing *Warrior Imports, Inc. v. 2 Crave*, 317 F.R.D. 66, 69 (N.D. Ohio 2016)). "[V]ague claims of hardship or unexpected difficulties in perfecting service will not necessarily result in sufficient demonstration of good cause." *Id.* (citation and quotations omitted). Rule 4(m), however, affords District Courts with the discretion "to grant an extension of time to serve the summons and complaint even in the absence of a showing of good cause." *Id.* (citing *Vergis v. Grand Victoria Casino & Resort*, 199 F.R.D. 216, 218 (S.D. Ohio 2000) (quotations omitted)). Courts consider the following factors in exercising their discretion:

> (1) whether a significant extension of time was required; (2) whether an extension of time would prejudice the defendant other than the inherent 'prejudice' in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff . . . and (5) whether the plaintiff had made any good faith efforts at effecting proper service of process.

*Freeman v. Collins*, No. 2:08-CV-00071, 2011 WL 4914837, at *4 (S.D. Ohio Oct. 17, 2011) (citation omitted).

### III. ANALYSIS

Plaintiff argues that the *Freeman* factors weigh in favor of the Court granting her request for an extension. (ECF No. 25, at PageID 288–90.) The Court agrees. A significant extension of time is not required as Plaintiff has already provided the service documents to the Clerk's Office. (ECF No. 25, at PageID 288.) The second and third factors weigh in favor of an extension because the Court does not find any prejudice against Defendant Prestige beyond the inherent prejudice in defending the suit. Defendant Prestige was served by certified mail and had actual notice of the lawsuit. (ECF No. 25, at PageID 288–89.) The Court finds the fourth factor to be neutral. While Plaintiff would incur additional expenses in attempting to reassert her claims against Defendant Prestige, she asserts that she would not be barred by the statute of limitations on her claims. (ECF No. 25, at PageID 289.) The fifth factor weighs in favor of an extension. Plaintiff details her efforts to properly effectuate service and provides sworn affidavits in support. (ECF No. 25, at PageID 289–90; ECF No. 25-1; ECF No. 25-2.) Plaintiff provided the Clerk's Office with service documents on the second business day after the Court issued its Show Cause Order and filed this response on the third business day. (ECF No. 25, at PageID 289.) The Court finds that the *Freeman* factors weigh in favor of granting Plaintiff an extension of time to effectuate service on Defendant Prestige. Plaintiff does not request a specific extension. Accordingly, Plaintiff's request is **GRANTED.** Plaintiff may have until **JUNE 13, 2025**, to effectuate service on Defendant Prestige.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's request for an extension of time to effectuate service is **GRANTED**, and she may have until **JUNE 13, 2025**, to effectuate service on Defendant Prestige.

**IT IS SO ORDERED.**

**DATED: May 16, 2025**

*/s/ Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**